# EXHIBIT 12

GARSNEIC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  NEIMAN NIX, et al.,

4               Plaintiffs,

5          v.                            16 Civ. 5604 (ALC)

6  MAJOR LEAGUE BASEBALL, et al.,

7               Defendants.

8  ------------------------------x
                                         New York, N.Y.
9                                        October 27, 2016
                                         2:00 p.m.
10
   Before:
11
                    HON. ANDREW L. CARTER, JR.,
12
                                         District Judge
13
                          APPEARANCES
14
   NISAR & MASON, P.C.
15      Attorneys for Plaintiffs
   BY:  MAHIR S. NISAR
16      -and-
   THE LAW OFFICE OF STEVEN A. MORELLI
17      Attorneys for Plaintiffs
   BY:  VINCENT P. WHITE
18
   KOBRE & KIM LLP
19      Attorneys for Defendants
   BY:  STEVEN G. KOBRE
20      LINDSEY WEISS HARRIS

21  ALSO PRESENT:  Sean M. Power, Paralegal

22

23

24

25

Case 1:16-cv-03604-ALC Document 14 Filed 11/15/16 Page 2 of 13
GARSNEIC

1                (Case called)

2                MR. WHITE:  Vincent White.

3                MR. NASIR:  Mahir Nasir.  Good morning, your Honor.

4                MR. KOBRE:  Your Honor, Steven Kobre, along with

5    Lindsay Weiss Harris, and also from our office is Sean Power,

6    who, your Honor, is not a lawyer.  He is an analyst.  I ask

7    permission if he can sit in the well for the conference.

8                THE COURT:  All right.  Good afternoon.

9                We are here for a premotion conference.  The

10   defendants want to file a motion to dismiss for lack of subject

11   matter jurisdiction.

12               What is the plaintiff's position on this?

13               MR. NASIR:  Your Honor, the plaintiff's position on

14   this is that the underlying cause of action led to the tortious

15   interference and defamation.  These are primarily tortious acts

16   committed by the MLB.

17               With respect to the diversity jurisdiction argument

18   that the defendant is claiming as a basis to have this case

19   dismissed, there is nothing that says that New York is not a

20   proper jurisdiction, as far as them having citizenship here,

21   as well.  There is complete diversity of all parties.

22               My client, both of our plaintiffs' clients, one is

23   from Florida, one is from Texas.  And they have diversity by

24   the fact they have, also, New York citizenship.

25               But the underlying basis is that there is tortious

Case 1:16-cv-03504-AEC Document 142 Filed 11/15/16 Page 3 of 13

GARSNEIC

1    acts.  All of the witnesses, all of the allegations that deal

2    with the IP addresses being originating in New York, and these

3    aspects of the individuals that were involved all originate out

4    of New York.

5              So, it would be a convenient forum for this matter to

6    continue here.

7              THE COURT:  My understanding is, at this point, the

8    defendants aren't intending to make a motion on *forum non*

9    *conveniens* or personal jurisdiction.  They are attacking

10   subject matter jurisdiction, in particular, diversity of

11   citizenship.

12             MR. NASIR:  Correct.

13             THE COURT:  The defendants' contention is that Major

14   League Baseball is an unincorporated association, as you stated

15   in the complaint, that it is an unincorporated course.  In

16   fact, the Major League Baseball is an unincorporated

17   association.  It is not a citizen of any one particular state,

18   but its citizenship is derived by the citizenship of all of its

19   members.

20             It is not a question of whether or not -- to me, it

21   doesn't seem there is an issue of whether or not Major League

22   Baseball or any of the defendants have a domicile in New York.

23   The issue is that plaintiffs claim to being domiciliaries of

24   Texas and, I believe, Florida, and Major League Baseball has

25   teams in Texas and in Florida.

Case 1:16-cv-03604-AEC Document 1.12 Filed 11/15/16 Page 4 of 13

GARSNEIC

1          And as an unincorporated association, if that is the

2     case, then Major League Baseball is a citizen of Texas and

3     Florida and every other state where it has a team, therefore,

4     that would destroy diversity of citizenship.

5          What is your position on that?

6          MR. NASIR:  Your Honor, my position on that is they

7     also have citizenship in New York, as well.

8          THE COURT:  Why does that matter?  It doesn't matter

9     that they also have citizenship in New York.  The issue is, if

10    they have citizenship in Florida and citizenship in Texas,

11    diversity is gone.

12         A defendant or a plaintiff may have multiple -- the

13    defendant may have multiple citizenships, as they do in this

14    case.  It's not an issue of whether or not there is personal

15    jurisdiction in New York.  It's not an issue, at this point,

16    whether New York is the proper forum, but what is it that you

17    claim would save diversity jurisdiction in this case or create

18    diversity jurisdiction in this case, in terms of whether or not

19    Major League Baseball is a citizen of Texas and Florida,

20    regardless of how many other states it may be a citizen of

21         MR. NASIR:  Your Honor, the law is clear.  I am not

22    questioning or disputing the citizenship of Florida and Texas,

23    as far as the member associations, as a part of this

24    unincorporated association.

25         The underlying issue is that these are acts that are

GARSNEIC

1    directly caused by the principal place of this unincorporated

2    association, which apparently has a lot of leeway under the

3    law, and they are engaged in tortious acts.  And based upon the

4    case law that they cited in their underlying subject matter

5    jurisdiction dismissal, based upon diversity jurisdiction, I

6    mean, the court did take into account that they would retain

7    jurisdiction based upon the basis of the state law court claims

8    that are underlying it.

9         Now, it is a matter of this court's discretion whether

10    it seeks to eliminate this on the basis that there is no

11    diversity, but the basis is that there is an unincorporated

12    association, which is directed by this department of

13    investigations, the MLB, which I understand is unincorporated,

14    but it is engaging in tortious acts on behalf of itself, not so

15    much on behalf of its members.

16         THE COURT:  Can you be a little clearer as to what

17    your point is?  I want to make sure I understand exactly what

18    your position is.

19         The issue is not whether there is a claim here.  The

20    issue is federal courts are courts of limited jurisdiction.

21    The issue is whether or not this claim should be here or in

22    state court somewhere.  It's not an issue of whether or not you

23    have a claim at this point.

24         The issue is I am a court of limited jurisdiction.

25    There are two ways that I can have jurisdiction, whether there

Case 1:17-cv-01241-RJS   Document 16-12   Filed 04/12/17   Page 7 of 16    6
Case 1:16-cv-05604-AEC   Document 14   Filed 11/15/16   Page 6 of 13
GARSNEIC

1   is diversity of citizenship -- generally two ways -- and

2   whether there are federal questions.  There are no federal

3   questions claimed in this case.  The basis of jurisdiction of

4   subject matter jurisdiction is diversity of citizenship.

5           It seems to me that there is a real issue here with

6   the unincorporated association, as you have set forth in the

7   complaint, having citizenship in Texas and in Florida, because

8   if Major League Baseball is a citizen of Texas and Florida and

9   how many other states, and the plaintiffs are citizens of Texas

10  and Florida, there is no diversity of citizenship, and this

11  case would not be properly in federal court.  It doesn't mean

12  the case can't be brought in state court or someplace else.

13          I want to make sure I clearly understand what your

14  position is.  You keep saying this is a tortious act.  I want

15  to make sure I understand the relevance of that position in

16  terms of subject matter jurisdiction here.

17          MR. NASIR:  Your Honor, respectfully, I understand

18  what you're saying, and it is very clear as far as the issue of

19  diversity jurisdiction.

20          I am looking for more of a discretionary measure on

21  the part of the court with respect to the underlying claim in

22  New York related to the tortious acts conducted by the MLB,

23  where the office is maintained here as the principal place of

24  New York.

25          There is no question that they also have members here

Case 1:16-cv-05604-ALC Document 142 Filed 11/15/16 Page 7 of 13
GARSNEIC

1      in New York, as well, I understand in Florida and Texas as

2      well, but they do have citizenship here in New York as well.

3      Because of that, and because of that aspect, that is what I am

4      pleading here.

5              THE COURT:  Well, the problem is, I don't have

6      discretion to give myself jurisdiction where I don't have it.

7      If there is no jurisdiction, I cannot hear the case.

8      Jurisdiction is about whether or not I have the authority to

9      entertain the case.

10             This is not an issue of there is jurisdiction, but I'm

11     choosing to abstain from exercising that jurisdiction.  This is

12     an issue of whether or not I have jurisdiction to hear this

13     matter in the first place.

14             I don't have discretion to ignore a lack of subject

15     matter jurisdiction.  That, I don't have discretion to do.  But

16     I just want to make sure I have given you a full opportunity

17     and I fully understand your point.

18             Can you tell me more?  Do you have more on this?

19             MR. NASIR:  My argument is simple.  To the extent

20     that, while I understand that the MLB is also a citizen of

21     Florida and Texas, they also happen to be a citizen of New

22     York, and the acts that occurred and that were conducted by the

23     MLB -- acting as a unit of an entity of its own, not on behalf

24     of its members, but as its own unincorporated association --

25     conducted acts that were tortious against the plaintiff.

GARSNEIC

1          Now, that is the basis where I believe that this court

2     has subject matter jurisdiction for this case and where

3     diversity exists.

4          THE COURT:  OK.  Let me hear from defendants.

5          MR. KOBRE:  A couple things, your Honor.

6          I am perplexed by the theory, which I think just runs

7     counter to settled law related to diversity.  When the test is,

8     you look to the parties on both sides of the V, there needs to

9     be diversity.

10          It sounds like counsel isn't even disputing the fact

11    that there is no diversity on each side of the V, based on

12    Florida and Texas, but is arguing some sort of connection to

13    New York, and therefore somehow that permits diversity.  There

14    is no authority for it whatsoever.

15          Before your Honor, with respect, if I may, sort of

16    perhaps sends us away, I would make one plea to your Honor.  I

17    know your Honor referenced the possibility that they can go to

18    the New York State court and file their claims in New York

19    State court.

20          One thing I will say is, we have been down this road

21    before with this defendant.  Since 2012 we have been dealing

22    with this defendant.  In 2014, they basically, in Florida state

23    court, filed essentially the same claims, and through a failure

24    to prosecute involving not showing up to hearings, not

25    complying with the Florida rules, what happened there, your

1    Honor, the case was dismissed and the judge himself said that

2    the court's patience has run.

3         The reason why I say that is because now we are here

4    in your Honor's court.  We are essentially in basically the

5    same position.  In other words, after a press conference and

6    press release and otherwise, they file a complaint.  We reach

7    out to them and basically want to discuss diversity

8    jurisdiction, because we don't believe that the court has

9    jurisdiction.

10         Rather than engage us, we are told, just file your

11   motion.  So, we send them a Rule 11 letter and a draft motion

12   saying, there is no diversity jurisdiction.  And follow that up

13   again, trying to basically avoid the need to waste the court's

14   time and, frankly, our time to have to address this.  Whereas,

15   frankly, all of this, I think, could have been addressed months

16   ago without your Honor's time being wasted, where we could

17   hopefully have demonstrated to the plaintiffs that their theory

18   of diversity jurisdiction doesn't hold up at all, and it's

19   really based on premises that are just not supported in the law

20   whatsoever.

21         Rule 11 requires a reasonable investigation.  There

22   is, actually, plenty of case law, your Honor, that talks about

23   invoking the court's jurisdiction inappropriately.  What we are

24   hearing is, the plaintiffs are asking your Honor to maintain

25   some sort of discretionary jurisdiction.  There never was

Case 1:16-cv-08604-AEC Document 14 Filed 11/15/16 Page 10 of 13

GARSNEIC

1    jurisdiction.  We were prepared to tell them and talk to them

2    about that, and we did it in writing over and over.  And rather

3    than engaging us, we are here.

4         I will note one other thing, your Honor.  In the

5    leadup to this conference and the request for this conference,

6    your Honor's rules require us to file a letter asking for the

7    conference.  Rather than actually complying with your Honor's

8    rule and actually writing a response, so we all could learn

9    what the actual theory of jurisdiction is, they just ignored

10   that as well, which brings us to this place as well.

11        I would ask that, if we are permitted to make the

12   motion, if we actually have to make the motion, that we also be

13   allowed to make a Rule 11 motion, because there is absolutely

14   no legal basis for what they are arguing.

15        THE COURT:  Let me get a little bit more from

16   plaintiffs' counsel as to what it is you're talking about when

17   you're talking about New York and not on behalf of the other

18   entities.

19        What exactly are you talking about?

20        MR. NASIR:  Your Honor, with respect to the

21   unincorporated association of the MLB, coupled with all the

22   various members throughout the various states, the acts that

23   were conducted by the MLB that is underlying plaintiffs'

24   allegations in this complaint deal directly with the MLB's

25   organizational unit, which is based in New York, as to the acts

GARSNEIC

1  that they committed against the plaintiff.

2          This is not a matter of whether the New York Yankees

3  or a team in Florida or a team in Texas engaged in tortious

4  acts against the plaintiff.  This is clearly acts that were

5  conducted by this organization, the MLB, and its employees or

6  its principals.

7          THE COURT:  Just to be clear, you're still talking

8  about actions performed by MLB?

9          MR. NASIR:  Yes, and its principals.

10          THE COURT:  When you say "and its principals," what

11  are you talking about?

12          MR. NASIR:  I am talking about the defendants in this

13  matter, which are the people hired or retained by the MLB as an

14  unincorporated association, the commissioner of the MLB, the

15  commissioner of baseball.

16          THE COURT:  How do the parties wish to proceed?

17          Let me find out, how does defense counsel wish to

18  proceed?

19          MR. KOBRE:  If I have to, I will file a motion to

20  dismiss.

21          May I add the fact that we actually like this forum,

22  but what we do, we are compelled to do, in the sense that the

23  court has no jurisdiction.  And the theory that he has even

24  proffered, your Honor, frankly, there is not any support in the

25  law whatsoever to what he is actually saying.

GARSNEIC

1          If we have to move, frankly, with all due respect, I

2     think we also should be entitled to at least have the clients'

3     fees paid.  There is no basis for it.  The efforts to address

4     this, they just ignored.

5          I will say, your Honor, for four years now we have

6     been dealing with this defendant on and off, and now we were

7     forced to endure the release of the complaint in this case to

8     the press before filing, a press conference talking about a

9     federal case, which basically turned out was never supposed to

10    be a federal case.

11         We think the case should be dismissed and we think,

12    respectfully, your Honor, that sanctions should be awarded.

13    There has been no articulation of a theory of jurisdiction for

14    this court that we could even sink our teeth into.

15         THE COURT:  What is the plaintiffs' position regarding

16    the citizenship of the other defendants?  You named several

17    other individual defendants here.  I didn't see in the

18    complaint anything regarding the citizenship of those

19    defendants either.

20         MR. NASIR:  Your Honor, I believe, upon information

21    and belief, it is based upon the MLB's, the office of the

22    commissioner of baseball, them being retained and them being

23    principals of that unincorporated association are citizens of

24    New York.

25         MR. KOBRE:  If I may, your Honor?

Case 1:16-cv-05504-PAC Document 14 Filed 11/15/16 Page 13 of 13

GARSNEIC

1    they have added claims and they have added and removed parties.

2    We are through now, we have had a number of amendments.  This

3    is now amendment -- the amended complaint, they call it is the

4    second amended complaint.

5            I guess, I know I sound a little bit like a broken

6    record, your Honor, but as you can probably tell, we have been

7    dealing with this individual for a long time.  I know I am sort

8    of rounding around.  When we tried to make efforts to try to

9    short-circuit it, we got totally shut down and repeatedly told,

10   file your motion, file your motion.

11           Well, that's why we are asking for permission to file

12   the motion.

13           THE COURT:  No, I am not anticipating need for another

14   premotion conference.  What I am anticipating is giving the

15   plaintiffs one opportunity to file an amended complaint, and

16   clearly state what your position is on who is a citizen of what

17   state and to be as clear as you can in terms of your basis for

18   jurisdiction, and then we would obviate the need for a

19   premotion conference.

20           I would just set a schedule and give the defendants an

21   opportunity to file their motion to dismiss.  Because my sense

22   is, whatever the plaintiffs put in the amended complaint, that

23   the defendants are going to want to file a motion to dismiss at

24   this point, at least for lack of subject matter jurisdiction,

25   or am I totally off base there?

Case 1:16-cv-08504-PAEC Document 14 Filed 11/15/16 Page 16 of 13

GARSNEIC

1           MR. KOBRE:  No, we will.  We don't think there is

2    jurisdiction.

3           THE COURT:  All right.  How does that sound to

4    plaintiffs' counsel?

5           MR. NASIR:  That sounds fine.

6           THE COURT:  All right.  Can plaintiffs' counsel file

7    an amended complaint in a week?

8           MR. NASIR:  That's fine.

9           THE COURT:  Let's have that filed by November 3.

10          We will go ahead and set a schedule for the motion to

11   dismiss.

12          Let's give the defendants three weeks to file the

13   motion to dismiss, which takes us to when, Tara?

14          THE DEPUTY CLERK:  That would actually be

15   Thanksgiving, Judge.

16          The following week is December 1.

17          THE COURT:  Let's go four weeks into December 1.

18          We will give the plaintiffs four weeks to respond.  We

19   will give you something later in that first week of January.

20   How about January 4 to respond.

21          We will give the defendants a week to file any reply.

22   Let's have that by January 11.

23          MR. KOBRE:  Your Honor, may I just press one more

24   thing, if I could, just because we came into here completely

25   blind as to what the theory of jurisdiction would be.

Case 1:16-cv-05064-AEC Document 14 Filed 11/15/16 Page 17 of 13

GARSNEIC

1          Is it your Honor's intention that the plaintiffs, in

2      their amended complaint, are going to not only lay out whatever

3      the facts are that they say support it, but actually articulate

4      what their theory of jurisdiction actually is?  If not --

5          THE COURT:  What I am anticipating is that they will

6      lay out -- it appears that the plaintiffs' position regarding

7      jurisdiction is diversity of citizenship.

8          MR. KOBRE:  Right.

9          THE COURT:  The plaintiffs will restate that, but the

10     plaintiffs, hopefully, will be more clear in terms of which

11     state the plaintiffs are citizens of, and which state or states

12     they believe each defendant is a citizen of.  But, in terms of,

13     I don't want case law in the complaint.

14         MR. KOBRE:  I understand that.  We are just looking so

15     we knew what we were shooting at, essentially, when it

16     ultimately comes.

17         Your Honor, on the Rule 11, I recognize you're going

18     to allow them to amend.  Are we permitted, if we choose, in

19     addition to the motions, to file what we need to seek

20     permission at that time, your Honor?

21         Because the one thing I will say is, it's also,

22     hopefully, possible that upon looking up what the law is, that

23     the plaintiffs might actually come to the decision, to the

24     conclusion that, despite what we really all want, frankly, this

25     court just doesn't have jurisdiction.  Then we don't have to go